**Esteban RODRIGUEZ–NAVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–72736.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 13, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esteban Rodriguez–Nava, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert N. Markle, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

## MEMORANDUM **

Esteban Rodriguez–Nava, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to continue and ordering him removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam). We deny in part and dismiss in part the petition for review.

The IJ did not abuse her discretion in denying Rodriguez–Nava's motion to continue where she had granted numerous previous continuances, and properly deemed Rodriguez–Nava's cancellation of removal application abandoned after he failed to file it by the deadline. *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988) ("[D]enial of a continuance ... must be resolved on a case by case basis according to the facts and circumstances of each

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

case."); 8 C.F.R. § 1003.31(c) (authorizing the IJ to set filing deadlines and to deem waived any application not filed by the deadline).

█ We lack jurisdiction to consider Rodriguez–Nava's contention that the agency incorrectly categorized his convictions for battery against a spouse and violating a protective order as removable offenses because he did not exhaust these claims before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**